**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br> 1411 K Street N.W., Suite 1300 <br> Washington, D.C. 20005, <br><br>       Plaintiff, <br>   v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20560, <br><br>       Defendant. | <br><br><br><br><br> **COMPLAINT <br> FOR DECLARATORY AND <br> INJUNCTIVE RELIEF** <br><br><br> Civil Action No.: _____ |

## INTRODUCTION

1. Plaintiff Center for Biological Diversity ("the Center")—an environmental conservation organization that works to protect native wildlife species and their habitats from threats like toxic air pollution and climate change—challenges the failure of the Environmental Protection Agency's ("EPA") to conduct an adequate search and produce all records responsive to the Center's requests for records concerning the Safer Affordable Fuel-Efficient Vehicles Rule for Model Years 2021-2026 Passenger Cars and Light Trucks ("SAFE Vehicles Rule"), in violation of the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* as amended ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2. On August 2, 2018, the EPA, jointly with the National Highway Traffic Safety Administration ("NHTSA"), released a notice of proposed rulemaking for the SAFE Vehicles Rule. The notice was published in the Federal Register on August 24, 2018.

3. The proposed SAFE Vehicles Rule seeks to weaken the corporate average fuel economy and federal greenhouse gas emission standards currently in place for Model Years

("MY") 2022-2025 light-duty vehicles ("the Standards") by freezing those standards at MY 2020 levels through MY 2026.  The proposed SAFE Vehicles Rule would vastly increase fuel consumption and emissions of greenhouse gases and other pollutants above the levels that would be achieved if the Standards were left unchanged.

4. In the proposed SAFE Vehicles Rule, the EPA stated that the agency's action does not require consultation under section 7 of the Endangered Species Act ("ESA"), which provides that federal agencies must undergo formal consultation with the U.S. Fish and Wildlife Service or National Marine Fisheries Service if an agency action "may affect" a federally listed threatened or endangered species or result in the adverse modification of a species' designated critical habitat ("ESA section 7 consultation").  16 U.S.C. § 1536(a)(2).

5. Seeking to understand the basis for the EPA's determination that the SAFE Vehicles Rule does not require ESA section 7 consultation, the Center submitted a FOIA request for records explaining this determination on August 8, 2018 ("EPA FOIA Request").

6. Though it has been more than 20-working days since the Center submitted the EPA FOIA Request, the EPA has failed to provide any responsive records or indicate when it may do so.  The agency continues to unlawfully withhold responsive documents by failing to adequately search for and provide all responsive records to the Center in violation of FOIA, or, in the alternative, the APA.

7. Because prompt access to these records is necessary to effectuate FOIA's purpose, the Center seeks declaratory relief establishing that the EPA is in violation of FOIA, or alternatively, the APA.  The Center also seeks injunctive relief directing the EPA to conduct a lawful search and provide responsive records to the Center without further delay.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

9. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

10. Declaratory relief is appropriate under 28 U.S.C. § 2201.

11. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization that works through science, law, and policy to secure a future for all species, great or small, hovering on the brink of extinction. Informing the public is central to the Center's mission. The Center educates and counsels its members and the public on environmental issues, policies, and laws through media advocacy, its webpage, and publications that are widely distributed. Specifically, the Center works to provide the public with a better understanding of the federal government's management of harms to the environment, especially those that affect protected species and ecosystems. The Center and its more than 69,500 members are harmed by the EPA's violations of FOIA, or alternatively the APA, as such violations preclude the Center and its members from gaining insight into the agency's failure to undergo ESA section 7 consultation requirements related to the proposed SAFE Vehicles Rule.

13. Defendant ENVIRONMENTAL PROTECTION AGENCY ("EPA") is an independent agency of the United States government. The EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

The EPA is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

14. FOIA's basic purpose is government transparency. FOIA seeks to ensure an informed citizenry, which is vital to the functioning of a democratic society and needed to check against corruption and to hold the governors accountable to the governed.

15. FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552.

16. FOIA places the burden on the federal agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

17. Within 20-working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

18. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

19. FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

20. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b)(1)-(9). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

21.     A requester "shall be deemed to have exhausted his [or her] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. §552(a)(6)(C)(i).  In that event, FOIA authorizes the requester to sue the agency in federal court.  5 U.S.C. § 552(a)(4)(B).

22.     The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

23.     Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed.  *Id.* § 706(1).  District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

**A.    The SAFE Vehicles Rule and the Endangered Species Act**

24.     In the notice for the proposed SAFE Vehicles Rule, released in advance on August 2, 2018 and published in the Federal Register on August 24, 2018, the EPA seeks to abandon its current greenhouse gas emissions standards for MY 2021-2025 passenger cars and light trucks and set MY 2021-2026 standards at MY 2020 levels.

25.     Compared with leaving the current MY 2022-2025 Standards in place, the EPA's proposed actions would result in higher emissions of greenhouse gases and other pollutants.

26.     Under the ESA, federal agencies are required to undergo section 7 consultation if a proposed federal action "*may* affect" federally-listed threatened or endangered species or their

5

critical habitat, 16 U.S.C. 1536(a)(2) (emphasis added"). The "may affect" threshold is a low standard that is rarely not met.

27. The proposed SAFE Vehicles Rule would: rescind existing and augural greenhouse gas emissions standards for MY 2021-2025 light duty vehicles; set those standards at MY 2020 levels; and retain MY 2020 standards for MY 2026. The resulting increase in greenhouse gas emissions, as compared to the existing Standards, crosses the low "may affect" threshold for many federally-listed threatened and endangered species that are at risk of extinction due to human-induced climate change.

28. Despite the proposed SAFE Vehicles Rule's potential impacts on federally-listed threatened and endangered species, the EPA failed to undergo section 7 consultation. Instead, the EPA, jointly with NHTSA, concluded in the Federal Register notice, without supporting evidence or discussion, that "the action of setting [greenhouse gas] emissions standards does not require consultation under Section 7(a)(2) of the ESA" and the EPA "ha[s] concluded [its] review of this action under Section 7 of the ESA." 83 Fed. Reg. 42,986, 43,473 (Aug. 24, 2018).

**B.    The Center's FOIA Request to the Environmental Protection Agency**

29. Seeking to understand the reasons for the EPA's failure to undertake ESA section 7 consultation with regards to the SAFE Vehicles Rule, the Center submitted a FOIA request to the EPA on August 8, 2018 ("EPA FOIA Request") seeking:

> The records in the proposed rule "The Safer Affordable Fuel-Efficient (SAFE) Vehicles Rules for Model Years 2021-2026 Passenger Cars and Light Trucks" that mention or include Section XII.E.6 of the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA").

30. That same day, the Center received an e-mail acknowledging the EPA FOIA Request and assigning the request tracking number EPA-HQ-2018-010384.

31. On November 28, 2018, the Center received an e-mail from the EPA seeking clarification on the EPA FOIA Request. The Center responded to the EPA's request for clarification informing the EPA that its request refers to "Section XII: Regulatory Notices and Analyses, Subsection E: Environmental Considerations, Part 6: Endangered Species Act (ESA), page 83 Federal Register 43473," of the SAFE Vehicles Rule. The EPA replied that it was "forwarding [the Center's] response to the technical staff" and would be in touch "quickly."

32. Pursuant to FOIA, 5 U.S.C. § 552(a)(6)(A)(i), a determination on the EPA FOIA Request was due 20-working days after EPA's receipt of the request—September 6, 2018.

33. However, as of the date of the filing of this complaint, which is past the 20-working-day deadline, the Center has not received any other communications from the EPA regarding the EPA FOIA Request, and the agency has failed to provide any responsive records or any indication as to when it intends to provide responsive records.

34. The EPA did not indicate that it conducted a search at all, let alone one reasonably likely to return all responsive records, as FOIA mandates.

35. The EPA's failure to respond within the 20-working day statutory time limit to the EPA FOIA Request constitutes a violation of FOIA, 5 U.S.C. §552(a)(6)(A)(ii) or, in the alternative, a constructive denial of the EPA FOIA Request, permitting judicial review pursuant to 5 U.S.C. §§ 701-706.

36. The Center has been required to expend resources to prosecute this action.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(The EPA's failure to provide a lawful determination on the EPA FOIA Request)**

37. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38. The Center has a statutory right to a lawful final determination from the EPA, in a manner that complies with FOIA, on the EPA FOIA Request.

39. The EPA has violated the Center's rights in this regard by unlawfully delaying its response to the EPA FOIA Request beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

40. The Center's organizational activities will be adversely affected if the EPA is allowed to continue violating FOIA's decision deadlines as it has in this case.

41. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the EPA will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(The EPA's failure to adequately search for records responsive to the EPA FOIA Request)**

42. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

43. The Center has a statutory right to have the EPA process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

44. The EPA has violated the Center's rights in this regard by unlawfully failing to undertake a search that is reasonably calculated to locate all records that are responsive to the EPA FOIA Request.

45. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the EPA in the foreseeable future.

46. The Center's organizational activities will be adversely affected if the EPA continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the EPA FOIA Request.

47. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the EPA will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(The EPA's failure to promptly disclose and continues to improperly withhold records responsive to the EPA FOIA Request)**

48. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

49. The EPA violated FOIA and its own implementing regulations for FOIA by failing to promptly disclose records that are responsive to the EPA FOIA Request. 5 U.S.C. §§ 552(a)(3), (6).

50. None of FOIA's statutory exemptions apply to the records that the Center seeks.

51. The Center has a statutory right to the records it seeks.

52. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the EPA in the foreseeable future.

53. The Center's organizational activities will be adversely affected if the EPA continues to violate FOIA's disclosure provisions as it has in this case.

54. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the EPA will continue to violate the Center's rights to receive public records under FOIA.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(The EPA's failure to disclose all non-exempt records responsive to the EPA FOIA Request)**

55. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

56. The Center has a statutory right to the records it seeks. There is no legal basis for the EPA to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center. *See* 5 U.S.C. § 552(b)(1)-(9).

57. To the extent the EPA is invoking any of these exemptions, the EPA is unlawfully withholding from disclosure records that are responsive to the EPA FOIA Request.

58. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the EPA in the foreseeable future.

59. The Center's organizational activities will be adversely affected if the EPA continues to violate FOIA's disclosure provisions.

60. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the EPA will continue to violate the Center's rights to receive public records under FOIA.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**(The EPA's failure to provide reasonable segregable portions of any lawfully exempt records)**

61. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

62. The Center has a statutory right to any reasonably segregable portion of a record that may contain information lawfully subject to any of FOIA's exemptions. 5 U.S.C. § 552(b). The EPA is violating the Center's rights in this regard to the extent it is unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the EPA FOIA Request.

63. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the EPA in the foreseeable future.

64. Center's organizational activities will be adversely affected if the EPA continues to violate FOIA's disclosure provisions.

65. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the EPA will continue to violate the Center's rights to receive public records under FOIA.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
**(In the Alternative to the First Through Fifth Claim)**

**(The EPA's actions unlawfully withheld or unreasonably delayed)**

66. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

67. The EPA is unlawfully withholding agency action by failing to comply with the mandates of FOIA as a result of their failure and refusal to search for and disclose records responsive to the EPA FOIA Request. The EPA's failures constitute agency actions that are unlawfully withheld pursuant to the APA, 5 U.S.C. § 706(1).

68. Alternatively, the EPA is unreasonably delaying agency action by failing to comply with the mandates of FOIA as a result of their failure and refusal to search for and

disclose records responsive to the EPA FOIA Request.  The EPA's failures constitute agency action unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1).

69. As alleged above, the EPA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

70. The Center has suffered a legal wrong as a result of the EPA's failure to comply with the mandates of FOIA.  As alleged above, the EPA is violating its statutory duties under the APA and injuring the Center's interests in public oversight of governmental operations.

71. The Center has no other adequate remedy at law to redress the violations noted above.

72. The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First Through Sixth Claims)

**(The EPA's arbitrary and capricious agency action)**

73. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

74. The EPA is violating FOIA's statutory mandates by failing to search for and disclose records responsive to the EPAFOIA Request.  By violating FOIA's statutory mandates, the EPA's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law pursuant to the APA, 5 U.S.C. § 706(2)(A).

75. As alleged above, the EPA's failure to comply with the mandates of FOIA has injured the Center's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

76. The Center has suffered a legal wrong as a result of the EPA's failure to comply with the mandates of FOIA. As alleged above, the EPA is violating their statutory duties under the APA and injuring the Center's interests in public oversight of governmental operations.

77. The Center has no other adequate remedy at law to redress the violations noted above.

78. The Center is entitled to judicial review under the APA, 5 U.S.C. § 702.

## REQUEST FOR RELIEF

WHEREFORE, the Center prays that this Court:

79. Order the EPA to conduct searches reasonably calculated to locate all records responsive to the EPA FOIA Request, utilizing a cut-off date for such searches that is the date the searches are conducted, and providing the Center, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

80. Declare that the EPA's failure to timely make a determination on the EPA FOIA Request is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (ii), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2)(A).

81. Declare that the EPA's failure to timely undertake a search for and disclose to the Center all records responsive to the EPA FOIA Request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

82. Declare that the EPA's failure to provide the Center with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, U.S.C. § 552(a)(6)(A)(i), or in the alternative, is an agency action that has been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or is arbitrary, capricious, an abuse of discretion, or not in accordance with law, 5 U.S.C. § 706(2).

83. Award the Center its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

84. Grant such other and further relief as the Court may deem just and proper.

DATED: March 15, 2019

    Respectfully submitted

    */s/Anchun Jean Su*
    Anchun Jean Su
    (D.C. Bar No. CA285167)
    CENTER FOR BIOLOGICAL DIVERSITY
    1411 K Street, Suite 1300
    Washington, D.C. 20005
    Telephone: (202) 849-8399
    Email: jsu@biologicaldiversity.org

    Maya Golden-Krasner (*pro hac vice pending*)
    (CA Bar No. 217557)
    CENTER FOR BIOLOGICAL DIVERSITY
    660 S. Figueroa Street, Suite 1000
    Los Angeles, CA 90017
    Telephone: (213) 785-5402
    Email: mgoldenkrasner@biologicaldiversity.org

    *Attorneys for Plaintiff*